# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**QUORDALIS V. SANDERS,**

        **Petitioner,**

        v.                                     **Case No. 14-CV-1497**

**MARC CLEMENTS,**

        **Respondent.**

## ORDER

Petitioner Quordalis Sanders is incarcerated at Dodge Correctional Institution pursuant to a judgment of the Racine County Circuit Court in case number 2014-CF-110. Sanders, proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) On December 19, 2014, the court screened Sanders's habeas petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. (ECF No. 9.) In reviewing the history of Sanders's appeals in Wisconsin state courts, it appeared that he had not exhausted his state court remedies before filing the present lawsuit. The court ordered that Sanders file a brief to show either that he has exhausted his state court remedies or that he had good cause for not doing so.

Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c). Exhaustion of state remedies is required as a prerequisite to consideration of each claim sought to be presented in a federal habeas petition. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). Exhaustion of state court remedies is a threshold issue, *Day v. McDonough*, 547 U.S. 198, 205 (2006), that a district court may raise *sua sponte*, *see U. S. ex rel. Lockett v. Illinois Parole & Pardon Bd.*, 600 F.2d 116, 117 (7th Cir. 1979). Before coming to federal court with a habeas claim, every level of state court must first be given a "full and fair opportunity" to adjudicate each of the prisoner's constitutional claims. *Moore v. Parke*, 148 F.3d 705, 708 (7th Cir. 1998) (citing *Picard v. Connor*, 404 U.S. 270, 276 (1971)). A full opportunity means the prisoner's claims were presented through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To fairly present claims "both the operative facts and controlling law must be put before the state courts." *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006) (citing *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001)).

Sanders asserts that he has exhausted his state court remedies—in an interlocutory appeal (case number 2014-AP-530) and in a petition for a supervisory writ (case number 2014-AP-1167). (ECF No. 10.) As the court previously found, neither of these steps exhausted any claim that Sanders raises in his habeas petition. (ECF No. 9 at 3-4.) Sanders's interlocutory appeal was dismissed by the Wisconsin Court of Appeals

because he did not pay the requisite filing fee. Failure to pay a filing fee does not constitute an adjudication on the merits of Sanders's substantive claims. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998). Thus, the dismissal of Sanders's interlocutory appeal for failing to pay the filing fee would not bar him from raising the same arguments on post-trial direct appeal.

Likewise, "denial of an application for an extraordinary writ by state appellate courts d[oes] not serve to exhaust state remedies where the denial could not be fairly taken as an adjudication of the merits of claims presented, and where normal state channels for review were available." *Pitchess v. Davis*, 421 U.S. 482, 488 (1975) (citing *Ex parte Hawk*, 321 U.S. 114, 116 (1944)). Nothing in Sanders's brief demonstrates that the Wisconsin Supreme Courts' denial of his petition for a supervisory writ was on the merits. As such, denial of the writ did not bar Sanders from raising on appeal the same points raised in his writ petition. In short, Sanders has not shown that he has exhausted in state court his remedies for any of the claims, which he now raises in his habeas petition.

Sanders argues that, even if he has not satisfied the exhaustion requirement, dismissing his habeas petition would result in a "fundamental miscarriage of justice." (ECF No. 10 at 2 (citing *Murray v. Carrier*, 477 U.S. 478 (1986).) "Miscarriage of justice" is an exception to the procedural default doctrine. The procedural default doctrine provides that when a petitioner has defaulted a claim by violating a state procedural

3

rule he may not raise the claim in a habeas petition. *See Schaff v. Snyder*, 190 F.3d 513, 524 (7th Cir. 1999). A claim is procedurally defaulted when a petitioner "fail[s] to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Procedurally defaulted claims must be dismissed except where the petitioner shows cause for the default and prejudice attributable thereto, *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000), or that dismissal would result in a miscarriage of justice, *Schlup v. Delo*, 513 U.S. 298, 315 (1995).

Before this court can reach Sanders's contention that dismissal of his petition would result in a miscarriage of justice, he must first *clearly* show that his claims are procedurally barred in state court. *See, e.g.*, *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (A claim is procedurally defaulted that "was not presented to the state courts and it is clear that those courts would now hold the claim procedurally barred."); *see also Toulson v. Beyer*, 987 F.2d 984, 987-88 (3rd Cir. 1993) ("Before exhaustion will be excused, state law must clearly foreclose state court review of unexhausted claims."). Sanders does not allege nor is it clear to the court that his claims are procedurally barred in state court. In fact, after filing this habeas petition, on December 19, 2014, Sanders initiated a direct appeal in state court. Consequently, the court will not excuse his failure to exhaust his state court remedies.

4

Upon Sanders completing a round of direct appeals in the Wisconsin state courts, he may raise his exhausted claims in a new habeas petition if still necessary. The dismissal of Sanders's habeas petition is not a conclusion that his claims lack merit but only that his petition is premature.

Moreover, Sanders has not shown good cause to stay the present proceedings and hold his petition in abeyance during the pendency of his appeal in state court. *See Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). Finally, the court concludes that, because he has failed to exhaust his state court remedies, Sanders has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and therefore the court shall not issue a certificate of appealability in accordance with Rule 11 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2253.

**IT IS THEREFORE ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) is **dismissed** without prejudice. The court will not issue a certificate of appealability. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Release on Bond Pending Final Disposition in this Case (ECF No. 11) is **denied** as moot.

Dated at Milwaukee, Wisconsin this 2nd day of February, 2015.

WILLIAM E. DUFFIN
U.S. Magistrate Judge